TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00021-CR






Bijan Mauray Wolridge, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT


NO. 5761, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING







 Appellant Bijan Mauray Wolridge appeals his conviction for retaliation. See Tex.
Pen. Code Ann. § 36.02(a)(1) (West Supp. 2002). (1) The jury found appellant guilty and the trial court
assessed his punishment at imprisonment for five years and six months.


Point of Error

 Appellant advances a single point of error. He contends that the "trial court erred in
overruling appellant's Batson challenge because the State failed to establish a racially neutral
explanation for the State's removal of all of the Black veniremen from the jury panel." Appellant
refers to Batson v. Kentucky, 476 U.S. 79 (1986), where the United States Supreme Court held that
the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution forbids
a prosecutor to peremptorily challenge potential jurors solely on account of their race. We will
affirm. 

Background

 The indictment charged appellant with retaliation for threatening to kill a police
officer, Jamie Diaz, "on the account of the service of Jamie Diaz as a public servant." Neither the
factual nor legal sufficiency of the evidence is challenged. Suffice it to say, the record shows that
on July 21, 2001, Giddings Police Officer Jamie Diaz responded to a call concerning a noise
disturbance at apartment four of the Windsor Square Apartments. Upon arriving at the apartment
complex, Diaz encountered appellant and arrested him for possession of marihuana. Appellant was
handcuffed with his arms behind his back and placed in another officer's patrol car. While the
officers were occupied elsewhere, appellant escaped. He was recaptured at his friend's house, nude,
but still handcuffed. Appellant was taken to jail. While being booked, appellant became abusive,
combative, and called Diaz a "wetback." In the presence of other officers, appellant twice threatened
to kill Diaz. Officer Diaz had arrested appellant on several other occasions. Diaz took the threats
seriously and believed that the threats were made because of his service as a police officer.


The Batson Motion

 The record reflects the voir dire examination of the jury panel on October 17, 2001.
The jury strike lists (peremptory challenges) are contained in the clerk's transcript. Apparently after
the clerk of the court compared the strike list of both parties, see Tex. Code Crim. Proc. Ann. art.
35.26(a) (West 1989), the trial court swore and impanelled the jury at 11:50 a.m. The balance of the
jury panel was discharged at 12:00 p.m. The chosen jury was instructed to return to court at 1:30
p.m.

 Before the court reconvened at 1:30 p.m., appellant filed a "motion to order a new
jury panel, or to disallow State's peremptory challenges because of racial discrimination." The trial
court summarily overruled the motion but allowed appellant to make a record on the Batson motion. 
Appellant's counsel then orally asserted that after the challenges for cause were ruled upon, there
remained two qualified African-Americans on the jury list, who were of the same race as appellant;
that the State used two of its peremptory challenges on these two prospective jurors, a "Ms.
Clemons" and a "Ms. Burns"; and that the State's action was racially motivated. No evidence was
offered in response to the trial court's inquiry; the State simply stated that it had an explanation for
its peremptory strikes but the Batson motion was not timely. The trial court made no further ruling. 
There was no response to the trial court's next inquiry, "Anything further before we bring the jury
in?"

 Appellant concedes that there is an issue of the timeliness of his Batson motion. He
contends that there was little time to object between the clerk's determination of the composition of
the jury from the strike lists and the swearing in of the jury. He urges that he filed his Batson motion
immediately "after lunch" and prior to the commencement of the trial.

 The United States Supreme Court made clear in Batson that "in light of the variety
of jury selection practices followed in our state and federal trial courts," it would make no attempt
to instruct these courts how best to implement the Batson decision. Batson, 476 U.S. at 100 n.24. 
To codify and implement the Batson decision, the Texas Legislature enacted article 35.261. Tex.
Code Crim. Proc. Ann. art. 35.261 (West 1989). Whenever a claim is made that veniremembers
have been peremptorily challenged on the basis of race, article 35.261 must be followed. Hill v.
State, 827 S.W.2d 860, 863 (Tex. Crim. App. 1992).

 For a Batson objection to be timely under article 35.261, it must be made "[a]fter the
parties have delivered their lists to the clerk under article 35.261 of this code and before the court
has impanelled the jury." Article 35.261; Hill, 827 S.W.2d at 864; Saldivar v. State, 980 S.W.2d
475, 482-84 (Tex. App.--Houston [14th Dist.] 1998, pet. ref'd). A jury is "impanelled" when the
members of the jury have been selected and sworn. Hill, 827 S.W.2d at 864.

 It is clear that appellant's Batson motion was not timely. No error was preserved for
appellate review. The trial court did not abuse its discretion in denying the motion. The point of
error is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Chief Justice Aboussie, Justices Yeakel and Onion*

Affirmed

Filed: August 30, 2002

Do Not Publish


* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1.   The current code is cited for convenience.